

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. M. Tucker
County Attorney
Collingsworth County
Wellington, Texas

Dear Sir:

Opinion No. O-5604
Re: Fees of District Clerk for
transferring case from
District Court to County
Court where the Grand Jury
indicts a person for a mis-
demeanor offense and the
case is later dismissed on
motion of the County Attorney.

Your letter of November 6, 1943, requesting the opinion of this department on the questions stated therein reads in part as follows:

"We are requesting a letter opinion on the following question:

"Where the Grand Jury indicts a person on a misdemeanor and the case is later dismissed on motion by the County Attorney, what amount, if any, would the District Clerk be allowed for transferring the case from the District Court to the County Court; In a County whose population is less than three thousand (3,000).

"This question does not seem clearly settled by Article 1026 C. C. P."

Collingsworth County has a population of Ten Thousand Three Hundred Thirty-One (10,331) inhabitants according to the 1940 Federal Census and the County officials of said County are compensated on a fee basis.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIS

Article 1026, Vernon's Annotated Code of Criminal Procedure mentioned in your letter, reads as follows:

"In each county where there have been cast at the preceding presidential election 3000 votes or over, the district clerk or criminal district clerk shall receive the following fees: Eight dollars for each felony case finally disposed of without trial or dismissed, or tried by jury whether the defendant be acquitted or convicted; eight cents for each one hundred words in each transcript on appeal or change of venue; eighty cents for entering judgment in habeas corpus cases, and eight cents for each one hundred words for preparing transcript in habeas corpus cases. In no event shall the fees in habeas corpus cases exceed eight dollars in any one case. In each county where less than 3000 such votes have been so cast, such clerk shall receive ten dollars for each felony case so disposed of, and ten cents for each one hundred words in such transcripts, and one dollare for entering judgment in each habeas corpus. The district clerk of any county shall receive fifty cents for recording each account of the sheriff."

We have carefully considered the foregoing statute in connection with your inquiry and it is our opinion that said statute has no application whatsoever to the question under consideration.

Generally speaking indictments must be presented and filed in the district courts; they may not be presented or filed in county courts, or other inferior tribunals. But, inasmuch as district courts generally have no jurisdiction to try misdemeanor causes, it is apparent that it is necessary, after the proper presentment and filing of an indictment charging a misdemeanor in a district court, that such indictment be transferred to an inferior court having jurisdiction to try the cause. In recognition of this necessity Sec. 17, Article V of the State Constitution provides in part:

". . . . Grand juries empanneled in the District Courts shall enquire into misdemeanors, and all indictment therefor returned into the District Courts shall forthwith be certified to the County Courts or other inferior courts, having jurisdiction to try them for trial; . . ." (Also see Sec. 27, Article V of the State Constitution.)

Articles 419, 420, 421, 422 and 1014 Vernon's Annotated Code of Criminal Procedure read as follows:

"Article 419. Upon the filing of an indictment in the district court which charges an offense over which such court has no jurisdiction, the judge of such court shall make an order transferring the same to such inferior court as may have jurisdiction, stating in such order the cause transferred and to what court transferred."

"Article 420. Causes over which justices of the peace have jurisdiction may be transferred to a justice of the peace at the county seat, or, in the discretion of the judge, to a justice of the precinct in which the same can be most conveniently tried, as may appear by memorandum indorsed by the grand jury on the indictment or otherwise. If it appear to the judge that the offense has been committed in any incorporated town or city, the cause shall be transferred to a justice in said town or city, if there be one therein; and any justice to whom such cause may be transferred shall have jurisdiction to try the same."

"Article 421. The clerk of the court, without delay, shall deliver the indictments in all cases transferred, together with all the papers relating to each case, to the proper court or justice, as directed in the order of transfer; and shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and with a bill of the costs that have accrued therein in the district court. The said costs shall be

taxed in the court in which said cause is tried, in the event of a conviction."

"Article 422. Any case so transferred shall be entered on the docket of the court to which it is transferred. All process thereon shall be issued and the defendant tried as if the case had originated in the court to which it was transferred."

"Article 1014. When a criminal action or proceeding is taken by appeal from one court to another, or whenever the same is in any other way transferred from one court to another, it shall be accompanied by a complete bill of all costs that have accrued therein, certified to and signed by the proper officer of the court from which the same is forwarded."

There are various special or local statutes also providing for transfers in particular counties, however we are not concerned with such statutes in this opinion.

It will be noted that Article 421, supra, provides in effect that a copy of all the proceedings in each case transferred from the district court shall be accompanied by a bill of costs that have accrued therein in the district court and that said costs shall be taxed in the court in which said cause is tried in the event of conviction. Under the facts stated in your letter, there has been no conviction but the case has been dismissed by the court on motion of the County Attorney. Therefore, in view of the foregoing statutes it is our opinion that the district clerk is not entitled to any fee whatsoever for transferring the case from the district court to the county court where the same has been dismissed on motion of the County Attorney.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED NOV 19, 1943

_[signature]_

FIRST ASSISTANT
ATTORNEY GENERAL

AW:fo

APPROVED
OPINION
COMMITTEE
BY BW